**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-81127-BLOOM/Matthewman**

NICKCOLES T. LOVE,

      Plaintiff,

v.

THE FLORIDA DEPARTMENT OF
REVENUE and CARROL EATON,

      Defendants.

_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED**
**IN FORMA PAUPERIS AND DISMISSING CASE**

      **THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Leave to Proceed

*in Forma Pauperis*, ECF No. [3] (the "Motion"), filed in conjunction with Plaintiff's Complaint,

ECF No. [1] (the "Complaint"). Plaintiff Nickcoles T. Love ("Plaintiff" or "Love") has not paid

the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable.[1]

The Court has carefully reviewed the Complaint, the Motion, and the record in this case, and is

otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Complaint is

**DISMISSED WITHOUT PREJUDICE** and the Motion is **DENIED AS MOOT**.

      Fundamental to our conception and system of justice is that the courthouse doors will not

be closed to persons based on their inability to pay a filing fee. Congress has provided that a court

"may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or

appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit

that includes a statement of all assets such [person] possesses that the person is unable to pay such

---

[1] This case was transferred to the undersigned as it is related to a case previously filed. ECF No. [4]; *see* Case No. 19-cv-22960-BLOOM/Louis (the "Initial Case").

fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

The Complaint in this case must be dismissed because it fails to state a claim. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). The Court notes that Love has refiled the exact same complaint as in the Initial Case, which this Court previously dismissed for failure to state a claim. Although Love has attached an additional eight pages of allegations and thirty-six (36) pages of filings and records related to the underlying family court case, there are still insufficient facts pleaded to state a plausible claim for relief pursuant to 42 U.S.C. § 1983 based on Love's conclusory statement that Defendants have violated his constitutional rights. Although the Court liberally construes *pro se* pleadings, the Court is not free to construct causes of action for which adequate facts are not pleaded. As the Court is unable to ascertain any plausible claim for relief from Plaintiff's allegations, the instant action must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiff's Motion, **ECF No. [3],** is **DENIED AS MOOT.**

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 9, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Nickcoles T. Love, *pro se*
8413 N. 10th Street
Tampa, Florida 33604